## Richmond

### LEWIS v. COMMONWEALTH.

#### January 15, 1914.

1. CRIMINAL LAW—*Gaming—Code, Section 3815—A, B, C and E. O.
   Tables—Like Tables—Crap Table.*—On a warrant charging that
   the defendant "did unlawfully keep and exhibit a certain gam-
   ing table called crap table, which said device is in nature of
   A, B, C and E. O. table, which said game was played with dice,
   against the peace and dignity of the Commonwealth of Vir-
   ginia," there can be no conviction where there is no evidence
   that "crap" is a game of like kind with an A, B, C, or E. O. table.
   Section 3815 of the Code, under which conviction is sought, does
   not forbid the game of "crap" *eo nomine,* and if the evidence
   does not show that it is a game of like kind with those named
   in the warrant there can be no conviction. If the warrant had
   followed the statute and enumerated all of the games to which
   it refers, it is not decided whether the same standard would be
   applied in determining whether "crap" is within the games pro-
   hibited by the statute.

Error to a judgment of the Circuit Court of Norfolk
county.

*Reversed.*

The opinion states the case.

*N. T. Green,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* and *Richard B.
Davis, Assistant Attorney General,* for the Commonwealth.

KEITH, P., delivered the opinion of the court.

Lewis was arrested on a warrant charging him with vio-
lating section 3815 of the Code of Virginia, found guilty

and fined by the justice of the peace one hundred dollars. From this judgment he took an appeal to the circuit court of Norfolk county, which was tried before a jury, and a verdict and judgment rendered by them of guilty, as charged in the warrant, and fixing his punishment at a fine of five hundred dollars and confinement in jail for three months. To this judgment a writ of error was awarded by one of the judges of this court.

The statute under which he was prosecuted, section 3815 of the Code, is as follows:

"If any person keep or exhibit a gaming table commonly called A, B, C, or E. O. table, faro bank, wheel of fortune, keno table, or table of the like kind, under any denomination, whether the game or table be played with cards, dice, or otherwise, or be a partner, or concerned in interest in the keeping or exhibiting such table or bank, he shall be confined in jail not less than two nor more than twelve months, and fined not less than one hundred nor more than one thousand dollars." The residue of the section need not now be considered.

In the statute as it appears in the Code of 1860, the only games enumerated were A, B, C, and E. O. tables, or faro bank. By the act of the 4th of April, 1861, the act was amended by inserting keno table, and by an act approved 14th of March, 1878, statute was further amended by inserting, among the other prohibited games, wheel of fortune, so as to make the statute read as it now appears in the Code of 1904.

In the case before us the warrant charges that John T. Lewis "did unlawfully keep and exhibit a certain gaming table called crap table, which said device is in nature of A, B, C, and E. O. table, which said game was played with dice, against the peace and dignity of the Commonwealth of Virginia." All the games enumerated in the statute are not mentioned in the warrant; the faro bank,

wheel of fortune and keno table are omitted; so that to constitute an offense under the statute, the proof under this warrant must be that the game of crap is of a like kind with the games enumerated in the warrant, to-wit, A, B, C, and E. O. table. The game of crap is not one of the enumerated games forbidden, and to play or exhibit it does not constitute an offense under section 3815, unless it be a game of like kind with those named in the warrant under which the trial took place.

In order to determine whether crap is a game of like kind with an A, B, C, or E. O. table, we must know something about those games, and the record is silent with respect to them. How are we to say that the game of crap is one of like kind with an A, B, C, or E. O. table when there is no evidence as to the nature and character of an A, B, C, or E. O. table, or as to how those games are played or exhibited? Upon the evidence before the court, if the defendant was guilty of any offense, it was exhibiting the game of crap, but the statute does not forbid the game of crap *eo nomine*, and the evidence does not show that it is a game of like kind with those named in the warrant and forbidden by the statute. If the warrant had followed the statute and enumerated all the games to which it refers, we are not prepared to say that the only standard to be used in determining whether or not the game of crap is a game of like kind with those enumerated in the statute is that the chances of the game are unequal, all other things being equal, and those unequal chances are in favor of the exhibitor of the game, for in some of these enumerated games it would seem that as between the player and the exhibitor, he not participating in the game, the element of chance was wholly eliminated, and as between the players themselves the chances were equal, while the exhibitor had no other interest in the game than the percentage which he deducted from the amount contributed by the players.

(See *Wyatt's Case*, 5 Rand. [27 Va.] 694.) To this class belongs the game of keno and the wheel of fortune, and yet the playing or exhibiting of either of them is forbidden by section 3815.

We are of opinion that the judgment should be reversed and the case remanded to the circuit court to be further proceeded in.

*Reversed.*